

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00422-CR

**IN RE** Edward **ROMERO**, Relator

Original Proceeding[1]

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: October 30, 2024

DISMISSED

Relator, Edward Romero, has filed a petition for writ of mandamus, seeking an order directing the trial court to rule on motions Romero filed in the court below. According to both Romero's petition and the documents attached to the petition, the motions were filed in a post-conviction felony habeas corpus proceeding.[2]

"Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction habeas corpus proceedings." *In re Perryman*, No. 04-11-00300-CR, 2011 WL 2165145, at *1 (Tex. App.—San Antonio May 25, 2011, orig. proceeding) (mem. op., not designated for

---

[1] This proceeding arises out of Cause No. 2013CR3128, styled *Ex parte Edward Romero*, pending in the 186th Judicial District Court, Bexar County, Texas, the Honorable Kristina Escalona presiding.

[2] In his petition, Romero specifically states that counsel was retained to "file a writ of habeas corpus under an article 11.07 writ, Tex. Code. [sic] Crim. Pro." and that the "habeas corpus case is still pending in the trial court." Further, the documents attached to Romero's petition include a file-stamped copy of an "Application for a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under Code of Criminal Procedure, Article 11.07" and a copy of the judgment of conviction in Romero's underlying criminal case, showing that Romero was convicted of a felony offense.

publication) (citations omitted); *see* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 3, 5; *Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "We have no jurisdiction over a mandamus petition relating to a final post-conviction felony habeas corpus proceeding." *In re Lares*, No. 04-17-00305-CR, 2017 WL 2960393, at *1 (Tex. App.—San Antonio July 12, 2017, orig. proceeding) (mem. op., not designated for publication).

Because Romero seeks relief related to motions filed in a post-conviction felony habeas corpus proceeding, we do not have jurisdiction to consider his petition. *See Lares*, 2017 WL 2960393, at *1; *Perryman*, 2011 WL 2165145, at *1; *McAfee*, 53 S.W.3d at 717. Accordingly, we dismiss Romero's petition for want of jurisdiction.

Additionally, Romero filed a motion for leave to file his petition for writ of mandamus. "No leave is required to file a petition for writ of mandamus in this court." *Perryman*, 2011 WL 2165145, at *1 (citing TEX. R. APP. P. 52). We therefore dismiss Romero's motion for leave to file his petition as moot.

PER CURIAM

DO NOT PUBLISH